```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:02CR536-DJS |
| ) | |
| **RICO HAYES,** ) | |
| ) | |
| Defendant. ) | |

<u>**ORDER**</u>

On February 20, 2003, a jury found defendant Rico Hayes guilty of Counts I and III of the four-count Superseding Indictment, which charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count I alleged possession on September 3, 2001, and Count III alleged possession on November 1, 2002. On June 13, 2003, the Court sentenced defendant to a 188-month term of imprisonment. A direct appeal was filed with the Eighth Circuit and was denied. On January 27, 2005, defendant filed a motion to vacate under 28 U.S.C. § 2255, 4:05CV163-DJS, Doc. #1, which was denied on March 22, 2006. Defendant did not appeal the denial of his habeas petition, but on February 2, 2007, the Eighth Circuit denied defendant's application to file a second or successive habeas application. On January 28, 2009, defendant filed, and on February 19, 2009, the Court denied, defendant's motion to reopen the habeas case pursuant to Rule 60.

Now before the Court is defendant's pro se motion to correct illegal sentence [Doc. #119]. The government has not responded to defendant's motion, and the time to do so has expired. Accordingly, the motion is ready for disposition.

In the caption of his motion, defendant states that he brings his motion pursuant to Fed.R.Crim.P. § 3582(a), and in the body of his motion, defendant states that he brings his motion pursuant to Fed.R.Crim.P. 35.[1] Essentially, defendant argues that the Court improperly considered two prior convictions for second degree burglary as crimes of violence and illegally sentenced defendant as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Defendant argues that California's burglary statute extends beyond buildings and structures and does not require entry to be unlawful, and therefore does not meet the requirements set forth in Taylor v. United States, 495 U.S. 575 (1990). Defendant seeks an order from the Court "to correct defendant's illegal sentence, by resentencing Rico Hayes absent of the Armed Career Criminal enhancements, to a maximum term of five years imprisonment." Doc. #119, p. 7.

As an initial matter, the Court finds that, although asserted as a motion pursuant to Rule 35 and 18 U.S.C. § 3582, defendant's motion is best characterized as a 28 U.S.C. § 2255 motion. Defendant argues that he was sentenced in violation of the

---

[1] It appears that defendant may intend to assert his motion pursuant to 18 U.S.C. § 3582(c), which provides for the modification of a term of imprisonment to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Civil Procedure.

- 2 -

laws of the United States, i.e., 18 U.S.C. § 924(e), and this argument falls within the substantive reach of 28 U.S.C. § 2255.[2] Defendant's claim that other statutes or rules might authorize his motion does not alter this conclusion.  See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." (citing United States v. Patton, 309 F.3d 1093 (8th Cir. 2002) (per curiam)); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[a], is a motion under § 2255, no matter what title the prisoner plasters on the cover.").  Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive 28 U.S.C. § 2255 motion.  United States v. Mathison, 2010 WL 2932957, at *4 (D.S.D. July 23, 2010) (citation omitted).  Because defendant was denied

---

[2]Twenty-eight U.S.C. § 2255(a) states as follows:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

authorization for this Court to consider a successive 28 U.S.C. § 2255 motion, the motion must be dismissed.

Furthermore, even if not barred as a second or successive habeas petition, the Court's authority to change or reduce a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3582(c). In 2001 (when defendant committed the first offense), Rule 35(a) stated that a district court shall correct a sentence that has been determined on appeal under 18 U.S.C. § 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the district court.[3]  Under Rule 35(b), a reduction of sentence is to be based on a finding of substantial assistance.  The only additional authorization for a district court to modify a sentence is upon (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant.  18 U.S.C. § 3582(c); see United States v. Barasena-Brito, 374 Fed. Appx. 951, 952 (11th Cir. 2010).

In this case, defendant's motion does not come to this Court from an appeal of his sentence to the Court of Appeals for the Eighth Circuit, and therefore the Court lacks jurisdiction to modify his sentence under the version of Rule 35(a) in effect at

---

[3]In its current form, Rule 35(a) allows the Court, within 14 days after sentencing, to correct a sentence that resulted from arithmetical, technical, or other clear error.

- 4 -

the time he committed the first offense.[4]  Further, defendant is not entitled to a reduction ofسcsentence based on Rule 35(b) because the government has not filed a substantial assistance motion and defendant does not allege that he offered substantial assistance. Also, there is no motion by the Bureau of Prisons in the record. Finally, defendant does not allege a retroactive amendment to the guidelines that lowers his sentencing range.  Accordingly, defendant is not entitled to the relief he seeks pursuant to Rule 35 or 18 U.S.C. § 3582.[5]

Finally, the motion lacks merit even if the Court undertakes analysis of the ground for relief now proffered.  In cases where a burglary statute criminalized various types of conduct, a court is to look at the charging papers to decide whether burglary was a violent felony within meaning of "otherwise involves" provision of the ACCA.  United States v. Livingston, 442 F.3d 1082, 1084-87 (8th Cir. 2006).  The fact recitals listed in a presentence report that are attributable to the charging papers and

---

[4]Additionally, the current version of Rule 35 does not provide defendant a basis to assert his motion because more than 14 days have passed since defendant was sentenced.

[5]Defendant states that under Rule 35 of the Federal Rules of Criminal Procedure, the Court may "correct an illegal sentence at any time...." Doc. #119, p. 1.  The Court notes that Rule 35 was amended effective November 1, 1987, and that for crimes that took place before the effective date of that amendment, a different version of Rule 35, which allowed a court to correct an illegal sentence at any time, applied.  The pre-1987 amendment version is inapplicable to the instant case, because defendant committed his crimes well after the 1987 amendment.  To the extent defendant relies on United States v. Bermudez, 742 F. Supp. 556 (C.D. Cal. 1990), for the proposition that his motion is timely pursuant to Rule 35, the Court notes that the Bermudez decision was based upon a crime that occurred before the November 1, 1987, amendment, id. at 556, and is therefore inapplicable.

- 5 -

not objected to by the defendant are sufficient to establish the charged conduct.  Id. at 1084 (citing United States v. McCall, 439 F.3d 967 (8th Cir. 2006), abrogated on other grounds by Begay v. United States, 553 U.S. 137 (2008)).  Eighth Circuit case law dictates that burglary of a commercial dwelling falls within the 18 U.S.C. § 924(e)(2)(B)(ii) "otherwise" clause because of the serious potential risk of physical injury to another.  See United States v. Blahowski, 324 F.3d 592 (8th Cir. 2003); United States v. Hascall, 76 F.3d 902 (8th Cir. 1996).  Defendant's convictions for second degree burglary of commercial establishments, see Presentence Report ¶¶ 64, 69, constitute violent felonies.

The Court is without jurisdiction because defendant's motion is a second or successive habeas motion, and the Eighth Circuit has denied defendant's request to file such a motion.  Further, defendant's motion is not proper under Fed.R.Crim.P. 35 or 18 U.S.C. § 3582.  Finally, defendant's motion lacks merit.  For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Rico Hayes' motion to correct illegal sentence [Doc. #119] is denied.

Dated this 24th day of November, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE